**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIANUS SOLEMAN RIWUHIDA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71129<br><br>Agency No. A078-020-171<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Adrianus Soleman Riwuhida, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal,

following our remand for consideration of his withholding of removal claim under

a disfavored group analysis. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Because our review is limited to the administrative record, we do not consider the 2011 religious freedom report Riwuhida referenced in his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Substantial evidence supports the BIA's determination that Riwuhida failed to establish a likelihood of persecution, even under disfavored group analysis, because he did not demonstrate sufficient individualized risk. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show he was likely to be individually targeted where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We reject Riwuhida's pattern or practice argument.

**PETITION FOR REVIEW DENIED.**

12-71129